UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA

        -against-

RAQUEL DUNTON,

                     Defendant.

------------------------------------------X

13 Cr. 654 (RWS)

SENTENCING
OPINION

**Sweet, D.J.**

On October 19, 2016, Raquel Dunton ("Dunton" or "Defendant") allocuted to one count of conspiracy to distribute and possess with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A).

For the reasons set forth below, Dunton will be sentenced to 46 months' imprisonment followed by three years' supervised release, subject to the scheduled sentencing hearing on April 20, 2017. Defendant is also required to pay a special assessment of $100.

**Prior Proceedings**

Defendant was named in a one-count indictment (the "Indictment") filed in the Southern District of New York on

1

November 13, 2013. The indictment charges that from 2012, up to and including November 2013, the Defendant, and others, in the Southern District of New York and elsewhere, conspired to distribute and possess with intent to distribute at least 28 grams, but less than 112 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A).

On October 19, 2016, Dunton appeared before the Court and pled guilty to the one count against him.

The Indictment further indicates that as a result of committing the offense charged in Count 1, Dunton shall forfeit to the United States any property constituting or derived from any proceeds of the offense and any property used or intended to be used to commit or facilitate it. If any of the property subject to forfeiture cannot be located upon the exercise of due diligence, has been transferred to a third party, has been placed beyond the Court's jurisdiction, has been substantially diminished in value, or has been commingled with other property, it is the intention of the Government to seek forfeiture of substitute assets of any other property of Defendant up to the value of the forfeitable property. See 21 U.S.C. § 853.

On October 19, 2016, Dunton pled guilty to the lesser-included offense of conspiracy to distribute narcotics, pursuant to a plea agreement which stipulates the following:

a) The November 1, 2015 Guidelines manual applies in this case.

b) The sentencing guideline applicable to Count 1 is 2D1.1.

c) Pursuant to 2D1.1(a)(5) and 2D1.1(c)(8), the base offense level is 24 because the defendant was responsible for the distribution of at least 28 grams but less than 112 grams of cocaine base.

d) Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

e) In accordance with the above, the applicable Guidelines offense level is 21.

f) Based upon the information now available to the Government (including representations by the Defense), the Defendant has six criminal history points. As a result, the defendant's Criminal History Category is III.

  g) Based upon the calculations set forth above, the Defendant's stipulated guideline range is 46 to 57 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining Defendant's ability to pay, the Court may impose a fine pursuant to 5E1.2. At Guidelines level 21, pursuant to U.S.S.G. § 5E1.2(h)(1), the applicable fine range is $7,500 to $1,000,000.

**The Sentencing Framework**

  In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

  (2) the need for the sentence imposed —

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

4

- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

Between approximately 2012 and November, 2013, Dunton, along with others, conspired to distribute crack and heroin in Manhattan and in the Louis H. Pink Houses ("Pink Houses"), a NYCHA complex located in the East New York section of Brooklyn, New York. It appears that the "hub" of the drug operation was located within the Pink Houses at 1305 Loring Avenue, Brooklyn, New York.

Between 2012 and November 2013, more than 130 undercover buys took place, most of which occurred in the Pink Houses. During these buys, more than 200 grams of crack were recovered, as well as more than 30 grams of heroin.

Dunton was considered to be Laron Mosley's ("Mosley") right-hand man and also served as his driver. Mosley was the leader of the drug trafficking organization and was personally involved in at least 22 separate sales of crack to undercover agents and officers. Mosley was also involved in about 42 sales of "eight balls" of crack (which usually consist of approximately 3.5 grams of crack) to undercover agents and officers. Moseley was involved in the street-level selling of

approximately 500 glassine envelopes of heroin to undercover agents and officers between May and August 2013.

Dunton on two occasions was directly involved in the sale of a total of three "eight balls" of crack to undercover agents. Both transactions between February and March 2013 took place while Mosley was present.

Dunton was a fugitive for over two years and was arrested in the area of the Pink Houses by state authorities on Feburary 20, 2016. At the time of his arrest, Dunton was in possession of approximately nine grams of heroin.

For his role in the offense, Dunton is held accountable for conspiring to distribute at least 28 grams, but not more than 112 grams of crack cocaine.

## The Relevant Statutory Provisions

The maximum term of imprisonment for Count 1 is 20 years' imprisonment. If a term of imprisonment is imposed, the Court is required to impose a term of at least three years' supervised release, pursuant to 21 U.S.C. § 841(b)(1)(A). Defendant is statutorily eligible for probation of one to five

years because the instant offense is a Class C Felony. 18 U.S.C. § 846; U.S.S.G. § 5B1.1(b)(1).

The maximum fine is $1,000,000. 21 U.S.C. § 841(b)(1)(C). A special assessment of $100 is mandatory pursuant to 18 U.S.C. § 3013(a)(2).

**The Guidelines**

The 2015 edition of the <u>United States Sentencing Commission Guidelines Manual</u>, incorporating all guideline amendments, has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for 21 U.S.C. § 846 offenses is found in U.S.S.G. § 2D1.1 of the guidelines. That section provides that an offense involving at least 28 grams but less than 112 grams of cocaine base has a base offense level of 24. U.S.S.G. § 2D1.1(c)(8).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a). Defendant has also assisted authorities in the investigation or prosecution of

8

his own misconduct by timely notifying authorities of his intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. U.S.S.G. § 3E1.1(b). These adjustments result in an offense level of 21.

Dunton has four previous adult criminal convictions. On May 8, 2003, he was convicted of robbery in the first degree with a deadly weapon in Kings County Supreme Court, and was sentenced to 16 to 48 months' imprisonment. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1), this conviction warrants three criminal history points.

On February 8, 2011, Dunton was convicted of false personation in Nassau County District Court and was sentenced to 10 days' incarceration. Pursuant to U.S.S.G. § 4A1.2(c)(1), this conviction warrants zero criminal history points.

On May 9, 2013, Dunton was convicted of criminal possession of a firearm in the fourth degree in Kings County Criminal Court and was sentenced to time served. Pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(e)(2), this conviction warrants one criminal history point.

On February 20, 2016, Dunton was convicted of criminal trespass in the second degree in Kings County Criminal Court and was sentenced to 90 days' incarceration. Pursuant to U.S.S.G. §§ 4A1.1(b), 4A1.2(c)(1), and 4A1.2(e)(2), this conviction warrants two criminal history points.

Pursuant to the sentencing table at Chapter 5, Part A of the Guidelines, six criminal history points establishes a criminal history category of III. Based on a total offense level of 21 and a criminal history category of III, the guideline range of imprisonment is 46 to 57 months.

The guideline range for a term of supervised release is three years. 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 5D1.2(c).

Defendant is not eligible for probation because his applicable guideline range falls in Zone D of the Sentencing Table in Chapter Five of the guidelines. U.S.S.G. § 5B1.1, application note 2.

The fine range for this offense is $7,500 to $1,000,000. U.S.S.G. § 5E1.2; 21 U.S.C. § 841(b)(1)(C). Costs of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a

10

fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2016, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $31,976.00 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines

11

and all of the factors set forth in § 3553(a) the Court will issue a Guidelines sentence.

**The Sentence**

For the instant offenses, Dunton shall be sentenced to 46 months' imprisonment, followed by three years' supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Not possess a firearm or destructive device.

(4) Not use any unlawful controlled substance. The Defendant shall submit to one drug test within 15 days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer.

(5) Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) The Defendant shall report to the nearest Probation Office within 72 hours of release from custody.

(2) Defendant shall submit his person, residence, place of business, vehicle, and any other property or electronic devices under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(3) Defendant is to be supervised by his district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

The Court waives any fine because of the Defendant's inability to pay a fine.

As a result of committing the offense alleged in Count 1, the Defendant shall forfeit to the United States all property real and personal, involved in the offense or traceable to such property. 18 U.S.C. § 1963(a)(1-3).

It is so ordered.

**New York, NY**
**April 10, 2017**

_____
ROBERT W. SWEET
U.S.D.J.